**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE A. VASQUEZ-CHICAS, AKA Chicas Jose Vasquez, AKA Jose Vasquez Chicas, <br><br>         Petitioner, <br><br>   v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br>         Respondent. | No. 12-71795 <br><br> Agency No. A094-308-559 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Jose A. Vasquez-Chicas, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. *See Alphonsus v. Holder*, 705 F.3d 1031, 1036-37 (9th Cir. 2013). We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo claims of due process violations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Vasquez-Chicas testified that he and his family were harmed in El Salvador because of participation in a group that opposes corruption, and that he regularly participated in activities with that group in the United States.

Vasquez-Chicas does not challenge the BIA's finding that he did not contest the IJ's denial of his asylum claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

With respect to withholding of removal, substantial evidence supports the agency's determination that Vasquez-Chicas failed to corroborate his testimony with reasonably obtainable evidence. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence ... unless the court finds ... that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."); *Aden v. Holder*, 589 F.3d 1040, 1044-45 (9th Cir. 2009) (IJ may require reasonably

obtainable corroboration); *Ren v. Holder*, 648 F.3d 1079, 1094 (9th Cir. 2011) (record did not compel the finding that petitioner presented sufficient corroborating evidence to meet his burden of proof). The record does not support Vasquez-Chicas's contentions that the IJ did not provide him an opportunity to explain the lack of evidence or that the IJ discounted his testimony about his inability to obtain evidence. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). The record also does not support Vasquez-Chicas's other due process contentions. *See id*. Thus, Vasquez-Chicas's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Vasquez-Chicas failed to establish that it is more likely than not he will be tortured at the instigation of or with the acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject Vasquez-Chicas's contentions that the agency failed to consider country conditions evidence and/or construed government acquiescence too narrowly. Thus, Vasquez-Chicas's CAT claim fails.

**PETITION FOR REVIEW DENIED.**